**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suzie Rose, | No. CV-24-00539-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Air Liquide USA LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Suzie Rose's Motion to File a Third Amended Complaint. (Doc. 73.) Defendants Air Liquide USA LLC, Guidant Group Inc., Guidant Global Inc., and Icon Information Consultants, LP filed their responses (Docs. 90, 91), and Plaintiff filed her reply (Doc. 93). The Court now rules.

**I.**

On March 14, 2024, Plaintiff filed her original complaint with this Court. (Doc. 1.) Three months later, she filed a first amended complaint as a matter of right. (Doc. 24.) Shortly thereafter, Plaintiff filed a motion to amend her complaint—a request which Defendants did not oppose and the Court granted. (Doc. 34.) All Defendants filed separate motions to dismiss the Second Amended Complaint (Docs. 38, 39, 40), which the Court granted in part and denied in part (Doc. 62). In that order, the Court denied Plaintiff's request for leave to file an amended pleading. (*Id.*)

Approximately one month after that order, Plaintiff filed the pending motion for leave to amend her complaint. (Doc. 73.) Therein, she seeks to add five corporate

defendants alleged to be the employer, or joint employer, of Plaintiff's supervisors. (*Id.*)[*]

**II.**

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If outside the twenty-one-day limit, as is the case here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff has not obtained written consent from Defendants, and therefore, may only file an amended pleading with leave of this court. *Id.*

Rule 15(a)(2) requires courts to "freely give leave when justice so requires." *Id.* The policy in favor of allowing leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must also be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). In determining whether to grant leave to amend, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quotations and citation omitted).

As a preliminary matter, the Court notes that Plaintiff's proposed amended complaint does not comply with LRCiv 15.1(a), which requires the amended pleading "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." As Defendants correctly point out, portions of Plaintiff's third amended complaint deviate from the second amended complaint but are left unmarked. In her reply, Plaintiff attests that "¶19 through ¶474 are identical to the SAC and have not been modified in any way." (Doc. 93 at 2.) But absent indication of the changes, neither the Court nor Defendants can decipher in all respects how this pleading differs from the operative complaint. This alone is sufficient to

---

[*] In her reply, Plaintiff seeks to modify her motion to only add three corporate defendants instead of the originally named five corporations. (Doc. 93 at 2.)

deny Plaintiff's request and strike the third amended complaint. *See Parker v. Johnson*, No. CV-17-02904-PHX-SPL (ESW), 2018 WL 2561067, at *2 (D. Ariz. June 4, 2018) (striking the plaintiff's first amended complaint for failing to comply with LRCiv 15.1).

Plaintiff's noncompliance aside, the Court finds that the motion should be denied after considering the five factors enumerated above. Although there is no indication Plaintiff's motion was the result of bad faith or undue delay, the other three factors—prejudice, futility, and prior amendments—tilt heavily in favor of denying her request. Plaintiff has previously filed two amended complaints, once as a matter of right and once with the Court's leave. (Docs. 24, 35.) Further, Plaintiff's proposed third amended complaint fails to delineate the acts, omissions, or causes of action against each new corporate defendant. Rather, Plaintiff improperly aggregates all defendants together without plausible factual allegations in support of each defendant's liability. This is facially insufficient to state a claim for relief under Fed. R. Civ. P. 8(a); and therefore, Plaintiff's complaint as amended is likely futile as to these new defendants. *See Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1197 (E.D. Cal. 2013) (dismissing the plaintiff's complaint because it "lump[ed] defendants (and apparently others) together and fail[ed] to distinguish adequately claims and alleged wrongs among defendants").

And most fatal to Plaintiff's request is the resulting prejudice to Defendants' interests in finality if Plaintiff were permitted to file a *third* amended complaint. The second amended complaint is over 100 pages long and spans 474 paragraphs. (Doc. 35.) Defendants have already filed necessarily lengthy answers to the pleading. (Docs. 65, 66, 67, 70.) Adding multiple new defendants to the action and likely entertaining another round of dismissal briefing will only delay resolution of this case. The Court understands that Plaintiff is a *pro se* litigant. But even *pro se* plaintiffs do not get endless opportunities for revisions. This case has left the pleading stage and must now proceed forward. Because "it is the consideration of prejudice to the opposing party that carries the greatest weight," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), the Court will deny Plaintiff's request.

III.

**IT IS ORDERED** that Plaintiff's Motion to Amend (Doc. 73) is denied.

Dated this 5th day of May, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge